# Car Advertising Company, Appellant, *v.* The Rohr McHenry Distilling Company.

*Contract—Execution of contract—Corporations.*

1. Where a paper purporting to be a contract between two corporations shows on its face that it is not binding unless approved by the president, treasurer or secretary of one of the companies, and the secretary of the company accepts the paper duly signed by the other company upon the express agreement by him that it is not to become binding until approved by the treasurer of his company, such approval is necessary to make the agreement operative. In such a case the question is not one of contradicting or varying the terms of a written agreement, but of the existence of the agreement itself.

2. A provision of the alleged contract that "no verbal conditions made by agents will be recognized; every condition must be specified on the face of this contract," relates to the substance of the contract, and not to the fact of its execution.

Submitted March 5, 1912.    Appeal, No. 40, March T., 1912, by plaintiff, from order of C. P. Luzerne Co., Feb. T., 1911, No. 216, discharging rule for judgment for want of a sufficient affidavit of defense in case of the Car Advertising Company v. Rohr McHenry Distilling Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Assumpsit on a contract.

Rule for judgment for want of a sufficient affidavit of defense.

The contract sued upon was as follows:

"H. Wineburgh, Pres., C. Wineburgh, Treas.,
          A. Schindler, Sec.

"This contract is not binding unless approved by one of the above officers of the Car Advertising Company.
          "WASHINGTON, D. C., JAN'Y 27, 1910.

"Car Advertising Co., Night and Day Bank Building, 527 Fifth Ave., Cor. 44th St., New York.

"We authorize you to insert our advertising card, size 11 x 21 inches, in cars as named below for a term of one (1) year, commencing September 1st, 1910, and in consideration of the above, we agree to pay you the sum of Four Hundred and Twenty 00/100 dollars ($420) per month, payable monthly during the term of this contract.

"One-third ($^{1}/_{3}$) cars of the Philadelphia Rapid Transit Co., in the City of Philadelphia, Pa.

"The advertiser reserves the right to cancel this contract on March 1st, 1911, provided he gives the Car Advertising Co. at least thirty (30) days' previous written notice to that effect

"No verbal conditions made by agents will be recognized.    Every condition must be specified on the face of this contract.

"If the Car Advertising Company shall cease to have the right to maintain the advertising herein specified, this contract shall terminate and the other party hereto shall pay under it only to the time of such cessation.

"Cards to be furnished by advertiser, and in case of delay of copy or cards beyond specified time, it shall be at the advertiser's loss.

"This contract is subject to the leases with the operations of the railroads.

"In case of any delay in placing cards by the Car Advertising Co., the service lost shall be made up at the end of the contract.

"Any loss of service through fire, strike or otherwise, shall not constitute a violation of this contract, but the advertiser shall receive a pro rata rebate for such loss.

"This contract conveys no right to the party signing it to assign or sub-let the space leased under it.

"The omission of any reasonable number of cards from the cars shall not constitute a violation of this contract; but the advertiser shall be entitled to a pro rata rebate for such cards as may have been omitted.

"All payments must be made to the Car Advertising Co., or order.

"All cards subject to the approval of the Car Advertising Co., as to style and contents.

"Name, ROHR MCHENRY DISTILLING Co.,

"By John G. McHenry, Pres.

"Address, Wilkes-Barre, Pa.

"Approved for the Car Advertising Company, By H. Wineburgh, Pres."

The president of the defendant company filed an affidavit by defendant as follows:

That the contract referred to in the plaintiff's statement of cause of action was signed by him as president of said company, in the city of Washington, at the solicitation of one, A. Schindler, who was the secretary of said plaintiff company and acting as the agent of said plaintiff in procuring said contract. That at the time of the signing of said contract it was distinctly understood and agreed between your affiant and said Schindler that said contract was not to be effective or go into operation

until it received the approval of one, Frank Deitrick, the treasurer of said defendant company. That said Frank Deitrick refused to approve said contract on the ground that it was unjust and inequitable. That on said refusal by said Deitrick to approve said contract, to-wit, between February 1, and February 8, 1910, your affiant, between said dates, notified said defendant company of the disapproval of said contract by said Deitrick, and that it should consider said contract canceled.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*James L. Morris,* for appellant.—The defense alleged is in direct contradiction of the terms of the written contract. Therefore it is insufficient: Stull v. Thompson, 154 Pa. 43; Quaker City Car Adv. Co. v. Meyers, 20 W. N. C. 388; Am. Soda Fountain Co. v. Egbert, 14 Pa. Dist. Rep. 426; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Guernsey v. Moon, 46 Pa. Superior Ct. 645; Callan v. Lukens, 89 Pa. 134; Baugh v. White, 161 Pa. 632; Homewood People's Bank v. Heckert, 207 Pa. 231.

*John T. Lenahan,* for appellee, cited: Warfel v. Frantz, 76 Pa. 88; Blewitt v. Boorum, 142 N. Y. 357 (37 N. E. Repr. 119).

OPINION BY HENDERSON, J., April 15, 1912:

On the face of the paper which is the foundation of the plaintiff's action that document did not become a contract until approved by the president, treasurer or secretary of the plaintiff company. When the approval of the president was indorsed on the contract does not appear in the pleadings. Assuming, however, that it was made before the plaintiff had notice of the refusal of the defendant to assume the obligation recited it clearly did not become a contract until the approval of one of the officers named was given. It needs no argument

to show that at the time the paper was signed by Mr. McHenry as president of the defendant and delivered to Mr. Schindler, secretary of the plaintiff, it was not an obligation binding on either party. It was not then approved by the proper officer of the plaintiff and was only a tender by the defendant of the contract. If, then, it was agreed between Mr. McHenry and Mr. Schindler that the paper was not to become binding on the defendant until approved by its treasurer, this was a condition on which the execution of the contract depended and until this consent was given the paper could have no binding effect. The defendant was under no complusion to enter into the arrangement and the secretary of the plaintiff could accept the offer on the condition stated in the affidavit. If the paper was signed by the defendant's president on the agreement that it was not to become operative until approved by the treasurer of the company then no contract ever was executed. In such a case the question is not one of contradicting or varying the terms of a written agreement, but of the existence of the agreement itself. The provision of the alleged contract that "No verbal conditions made by agents will be recognized. Every condition must be specified on the face of this contract," relates to the substance of the contract, not to the fact of its execution. It puts one who becomes a party to the contract on notice that any oral stipulations made with the plaintiff's agent will not be binding on the latter. But this is a very different thing from an agreement made by one of the plaintiff's officers who had authority to contract that a paper not at the time binding on the defendant should not become a contract unless approved by its treasurer. This defense goes to the very existence of the contract and is good, if true. We regard the affidavit of defense as sufficient.

The judgment is, therefore, affirmed.