Taylor-Davis, Inc., v. Ely, etc.

*Smillie & Bean,* for plaintiff.
*Foulke & Foulke,* for defendant.

DANNEHOWER, J., February 17, 1942. — Plaintiff, Taylor-Davis, Inc., brought an action in assumpsit against Herbert J. Ely, trading as Tri-County Constructors, to recover the sum of $128.85 with interest, for certain steel material sold and delivered to defendant. Defendant filed an affidavit of defense admitting the facts alleged in plaintiff's statement, but denying that anything was due, and set forth a counterclaim. To the counterclaim plaintiff has filed a reply in the nature of a demurrer, raising questions of law.

The facts alleged in plaintiff's statement being admitted, we need only consider whether defendant's counterclaim is sufficient in law.

That defendant may set off against plaintiff's demand any claim or demand for which an independent action of assumpsit can be maintained, cannot be doubted. In assumpsit actions it is not necessary that the cross-demand which defendant seeks to use as a set-

off or counterclaim arise out of the same transaction: 4 Standard Pa. Practice 433, sec. 25.

The counterclaim alleges that, on or about May 16, 1941, defendant requested of plaintiff an estimate of their costs for certain steel to be used in the sewerage treatment plant at the Brewster Aviation Plant at Hatboro, Pa., for the construction of which defendant was preparing bids; that on May 16, 1941, plaintiff forwarded to defendant a written proposal for furnishing such steel at the cost of $2250, said proposal being signed by G. J. Hammer, the duly-authorized officer, agent or employe of plaintiff; that the price of said steel in the proposal aforesaid was submitted by defendant in his bid for the construction of the aforesaid sewerage treatment plant; that on or about May 23, 1941, defendant notified Mr. Calvis, the manager of plaintiff, that the steel should be delivered in accordance with the written proposal of May 16, 1941; that it had been the custom between plaintiff and defendant on many occasions in the past, that when defendant notified plaintiff that material was to be delivered in accordance with plaintiff's written proposal for such material, plaintiff always made delivery in accordance with the terms of its written proposal; that on or about May 23, 1941, after defendant had notified Mr. Calvis as aforesaid, plaintiff refused to deliver the steel in accordance with their proposal; that as a result of plaintiff's refusal to deliver said steel it was necessary for defendant to purchase the steel from another company at the price of $2,810, so that defendant could complete his contract. By reason of plaintiff's refusal to deliver said steel, necessitating defendant's purchasing from another company at a higher price, defendant suffered a loss of $560, for which he demands payment.

Plaintiff alleges that the counterclaim is insufficient in law in that it fails to set forth a cause of action because the instrument, for whose breach he asserts this cause, shows on its face that it is not a binding

contract and past deliveries under similar proposals do not make this proposal a binding contract.

The written proposal in question contained the following clause: "Prompt acceptance of this quotation by you and the written approval of an officer of this company shall constitute a binding contract." This is followed by a space for the acceptance of the proposal by defendant and a space for the approval by an officer of plaintiff company. Admittedly, there was no written acceptance by defendant and no written approval by an officer of plaintiff company.

Upon the present state of the record we must assume that defendant, on May 23, 1941, notified plaintiff to deliver the steel in accordance with its written proposal of May 16, 1941: 4 Standard Pa. Practice 57, sec. 38. Does the fact that the proposal was not approved by an officer of plaintiff company conclusively negative the existence of a contract? We think not. Plaintiff argues that there can be no binding contract since it was not approved by an officer of the company, and cites the case of Car Advertising Co. v. The Rohr McHenry Distilling Co., 49 Pa. Superior Ct. 442 (1912). We do not deem that case in point since there the clause read: "This contract is not binding unless approved by one of the above officers of the Car Advertising Company". A similar case is Goldberger et al. v. Morris, 94 N. Y. Supp. 359 (App. Term, 1905). The court said in the Car Advertising Company case, supra (p. 445):

"On the face of the paper which is the foundation of the plaintiff's action that document did not become a contract until approved by the president, treasurer or secretary of the plaintiff company."

The clause in the instant case contains no such limitation and condition precedent. There is a vast difference between providing "This contract is not binding unless", and providing as in the instant case, "The written approval of an officer shall constitute a bind-

ing contract". In the former case, there is a limitation and condition precedent to forming a binding contract, excluding other means. But in the latter, it is not the exclusive and only means of making a binding contract. One manner of accepting the offer or bid is by securing the written approval of an officer, another is orally over the telephone with a duly-authorized agent of the company. This is what defendant claims was done in the counterclaim. It does not eliminate and exclude any other means the parties may see fit to adopt to form a binding contract.

And now, February 17, 1942, for the foregoing reasons, the questions of law raised by plaintiff's reply to defendant's setoff, counterclaim, and new matter, are hereby decided in favor of defendant, and plaintiff is allowed 15 days from notice of the filing of this order to file a reply to the counterclaim on the merits.