HAMMOND *et al. v.* HAMMOND.

HOLDEN, J. A. C. and C. D. Hammond brought suit against the widow of D. J. Hammond, making in their petition substantially the following allegations: While plaintiffs and D. J. Hammond were copartners, doing business under the firm name of D. J. Hammond & Sons, D. J. Hammond bid off a described tract of land "at public sale and took a deed to himself, having first paid only a part of the purchase-money and giving his promissory notes for the balance." Plaintiffs paid $3,333.33, which was two thirds of the purchase-money, and thereby became the

owners of and entitled to a deed from D. J. Hammond to an undivided two-thirds interest in this land. The partnership was dissolved by mutual consent, and on February 2, 1906, "in final settlement and winding up the business of said firm and especially with reference to said land," D. J. Hammond made a deed to plaintiffs to a three-fourths interest in the land, the consideration being the $3,333.33 paid by plaintiffs and the rents received by D. J. Hammond on the former's two-thirds interest in the land, and, by reason of "said consideration" and the execution and delivery of the deed', plaintiffs became the owners of a three-fourths interest in the land. D. J. Hammond died about February 20, 1908, and his widow took possession of the land'. The plaintiffs prayed to recover an undivided three-fourths interest in the land and mesne profits. *Held:*

1. The suit was an action at law to recover an undivided three-fourths interest in the land and mesne profits, on the alleged conveyance to plaintiffs by D. J. Hammond to such interest.

2. One of the defenses set up by defendant in her answer was as follows: Prior to her marriage with D. J. Hammond, and as an inducement for the defendant to marry him, he "told defendant that if she would marry him, that he would give her half interest in what is known as the Dixon place [the land' in dispute], . . and if she would marry him they would enter into a marriage contract the terms of which were that defendant with D. J. Hammond would live upon the Dixon farm during his lifetime, and at his death the Dixon place would go to her and his daughter, Jamie Lee, a girl then about 14 years old, who was a daughter of a former wife. It was proposed to enter into this contract prior to their marriage, but for some reason the same was not reduced to writing. That thereupon this defendant assented to the terms as so proposed by D. J. Hammond, and in execution of the proposed arrangement was married, on May 31, 1904, to said D. J. Hammond, and that as soon thereafter as the same could be done, to wit, on the 6th day of June, 1904, for the express purpose of carrying out his said agreement and discharging his said' obligation thereunder, said Hammond executed his will, a copy of which is hereto attached as exhibit A, as a part of this pleading, by which will be devised to this defendant, his wife, and to his said daughter, Jamie Lee Hammond, each a half interest in the farm known as the Amsi Dixon farm. . . On the 18th day of March he executed' a new will, a copy of which is hereto attached as exhibit B, and made a part of this plea. By the terms of this will said D. J. Hammond devised to this defendant and the said Jamie Lee Hammond the said Dixon farm, . . specifying exactly what part of said property should go to each of said parties, establishing a dividing line between the shares so devised. At the time said D. J. Hammond estimated the two parts, so devised, to be equal in value, and the defendant alleges that they are of equal value. This will of March 1, 1907, was made in pursuance of the said antenuptial contract and agreement, and was intended by the parties to take the place for that purpose of said former will set out in exhibit A. On the 15th day of February, 1908, said D. J. Hammond died so testate, a resident of said county, and on the   day of 1908, in the court of ordinary of said county, said will attached as exhibit B was duly admitted to record in said court, upon proper probate, and this

defendant qualified as sole executrix of said will. . . Defendant alleges that said plaintiffs knew that their said father had agreed' and contracted with 'the defendant as above set out, prior to February 2, 1906." *Held:*

(*a*) The agreement referred to in the plea was within the statute of frauds, · and the marriage of the parties was not such part performance thereof as took it without such statute. Civil Code (1910), §§ 2999, 3222; *Bradley* v. *Saddler, 54 Ga.* 687; *McLeroy* v. *McLeroy, 25 Ga.* 100.

(*b*) The making of the will by D. J. Hammond was not an execution of the agreement.

(*c*) The agreement not'being executed during the life of D. J. Hammond', and no proceedings being instituted during his life to have it performed, D. J. Hammond, by his deed to plaintiffs on February 2, 1906, to three-fourths interest in the land, conveyed a good title to such interest as against any claim by his widow to any interest in the land by virtue of the agreement or the will, and as against any claim to any interest in the land by the widow as executrix of such will.

(*d*) The court erred in not sustaining the demurrer to that portion of the plea setting up the defense to which reference is above made.

(*e*) There was no error in any of the rulings or charges of the court, except such as are inconsistent with the decision of this court above made.

3. Under the ruling in *Moore* v. *Kelly,* 109 *Ga.* 798 (35 S. E. 168), and rulings in other decisions of this court to the same effect, "When it is in a bill of exceptions recited that the same was tendered within the time prescribed by law, the writ of error will not be dismissed because of the failure of the presiding judge to certify the same within the statutory period, unless it be made to appear that his failure to do so was caused by some act of the plaintiff in error, or his counsel."

(*a*) Under the above ruling the recital in the main bill of exceptions, duly certified by the trial judge, that it was tendered within the time prescribed by law, must be taken as true, and the judge is without authority to certify a cross-bill of exceptions wherein the only assignment of error is that he erred in signing the certificate to the main bill, because the· latter was not so tendered. *Dyson* v. *So. Ry. Co.,* 113 *Ga.* 327 (38 S. E. 749); *Planters Fire Association* v. *DeLoach,* 113 *Ga.* 802 (39 S. E. 466).

*Judgment on main bill of exceptions reversed. Cross-bill of exceptions dismissed. All the Justices concur.*

FEBRUARY 20, 1911.

Complaint for land. Before Judge Edwards. Walker superioı court. · September 11, 1909.

*F. W. Copeland* and *M. B. Eubanks,* for plaintiffs.

*W. M. Henry, J. E. Rosser,* and *R. M. W. Glenn,* for defendant.