HOPE, administrator, *v.* GLASS *et al.*

No. 11320. MAY 15, 1936.

*Lyman H. Hilliard* and *William H. Mewbourne,* for plaintiffs in error.

*Thomas L. Slappey,* contra.

BELL, Justice. An execution was issued in favor of George M. Hope Jr., as administrator of the estate of George M. Hope Sr.,

against Mrs. Dora F. Biggers, and was levied on a tract of land designated as No..250 Irwin Street in the City of Atlanta, as the property of the defendant in fi. fa. The present suit was filed by Kathryn Warren Glass, a minor, by next friend, as an equitable petition to enjoin the sale. The plaintiff in fi. fa., the defendant in fi. fa., and the sheriff were made parties defendant. The petition alleged the following: The property is not that of the defendant in fi. fa., but is the property of the plaintiff. Mrs. Katie Frank Glass, the mother of the plaintiff, died on or about September 11, 1917, seized and possessed of the property in question, and leaving the plaintiff, Kathryn Warren Glass, and her father, Clarence H. Glass, as sole heirs at law. The decedent left a will under the terms of which the property was devised to Mrs. Biggers. The will was duly probated, without objection. The plaintiff was born on August 26, 1917, twenty days after the execution of the will. The will was probated in solemn form, and the plaintiff was represented by a guardian ad litem. Some time in the year 1917, Mrs. Biggers was informed that the will was void because of the plaintiff's birth after its execution; and consequently Mrs. Biggers did not go into possession of the property, but it remained in the hands of the plaintiff's real estate agents, who have held possession of the same, and collected the rents for the benefit of the plaintiff, continuously from that time until the filing of the present suit. The sheriff is threatening to sell the property to satisfy the execution, and will do so unless enjoined. The prayers of the petition were that George M. Hope Jr., as administrator, and the sheriff be enjoined from proceeding with the sale of petitioner's property, "and that a rule nisi issue directed to defendants requiring them to show cause, if any they have, before the motion division of this court why the prayers of petitioner should not be granted; and that on a final hearing hereof that defendants be permanently enjoined and restrained from levying on petitioner's property in order to sell or attempt to sell said property to satisfy said fi. fa."

George M. Hope Jr., as administrator, filed a general and special demurrer to the petition. The court overruled the grounds of general demurrer and some of the grounds of special demurrer, and the demurrant excepted.

"When any sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to such

execution, such person, his agent or attorney may make oath to such property." Code of 1933, § 39-801. If the plaintiff had such an interest in the property, either legal or equitable, that it was not subject to the levy, she had an adequate remedy at law by claim, and did not need an injunction. For this reason the court erred in not sustaining the demurrer and dismissing the petition. Code of 1933, § 37-120. *McLeroy* v. *McLeroy*, 25 *Ga.* 100; *Paramore* v. *Persons*, 57 *Ga.* 473; *Our Bank* v. *Corry*, 145 *Ga.* 385 (3) (89 S. E. 365); *Douglas* v. *Jenkins*, 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Harris* v. *Anderson*, 149 *Ga.* 168 (99 S. E. 530); *Smith* v. *Johnson*, 149 *Ga.* 212 (99 S. E. 530). Such being the case, the sufficiency of the allegations as to title will not be determined under the present writ of error; nor is it necessary to pass upon the assignments of error complaining of the judgment overruling the special demurrers.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*