### RUCKER v. MOORE.

HUTCHESON, Justice. 1. A parol obligation by a person to adopt the child of another, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, with respect to any claim such child, as a child, may have

against the estate of the obligor, undisposed of by will. *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773).

2. The first essential of a contract for adoption of a child, where no statutory adoption exists, is that it be made between persons competent to contract for the disposition of the child, and be based upon a sufficient legal consideration. Where it is not shown with whom the contract of adoption was made, if made, or that it was made with the father, or with the mother who by reason of the child's illegitimacy or abandonment of the child by the father had power of disposition of the child, or that the father or such mother had ratified any contract if made, there are no facts sufficient to authorize a finding that a contract enforceable in equity was made or executed. *Mock* v. *Neffler*, 148 *Ga.* 25 (95 S. E. 673); *Crum* v. *Fendig*, 157 *Ga.* 528 (121 S. E. 825); *Scott* v. *Scott*, 169 *Ga.* 290 (150 S. E. 154).

3. The evidence in the instant case, even if sufficient to show a contract of adoption with some person, failed to show that the contract was entered into with the father or mother of the child, or that the contract, if made, was ratified by either parent, or even that a "contract" was made with the child himself. Therefore the evidence, under the above rulings, was insufficient to authorize a finding in favor of the alleged adopted child. The court did not err in directing the verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 12439. SEPTEMBER 23, 1938.

*C. L. Harris* and *J. M. Forrester,* for plaintiff.
*O. E. Scott,* for defendant.