FARGASON *et al. v.* POPE, administrator.

WYATT, Justice. The petition in this case alleged in substance that F. P. Pope is the administrator of the estate of Mattie Alice Pope Fargason; that at the time of her death Mrs. Fargason owned certain property now in the possession of Pope as administrator; that the petitioners' father married Mattie Alice Pope when the petitioners were nine and eleven years of age respectively; "that at the time of the marriage it was orally agreed between D. T. Fargason, petitioners' father, and Mattie Alice Pope (Fargason) that your petitioners would be taken by Mrs. Fargason and reared by her as her own children, and in consideration of this oral agreement they were married;" that the petitioners "lived with their father and Mrs. Fargason until their marriage," and frequently visited them after their marriage; "that petitioners are unable to say whether or not they were legally adopted by Mrs. Fargason, but believe that they were, because of the often-repeated declarations of Mrs. Fargason to petitioners and others that she had adopted petitioners as her children;" and that the defendant refuses to recognize them as having any interest in the estate of Mrs. Fargason. The prayers were for an accounting and injunction; and that the petitioners be decreed to be the children of the deceased, and entitled to all of her estate. *Held:*

1. A contract for adoption of a minor child made in consideration of marriage of the father of the child, is within the statute of frauds, and consummation of the marriage is not sufficient performance to take the contract without the statute. Code, § 20-401; *Bradley* v. *Saddler,* 54 *Ga.* 681.

2. While ordinarily surrender of custody and parental control of a child by the natural parent to the adopting parent, and subsequent performance of the oral adoption contract by services rendered by the child in this changed domestic status, by filial affection bestowed by the child, will be sufficient in a virtual-adoption case to authorize recovery as for specific performance; this will not be so where the adopting parent is the stepmother, and it does not appear that the same situation would not have prevailed without regard to the adoption contract, and where it also appears that there was in fact no surrender of custody of the child. *Hammond* v. *Hammond,* 135 *Ga.* 768 (70 S. E. 588); *Wood* v. *Wood,* 166 *Ga.* 519 (143 S. E. 770); *Rucker* v. *Moore,* 186 *Ga.* 747 (199 S. E. 106); *Boles* v. *Eddleman,* 189 *Ga.* 551 (6 S. E. 2d, 589); *Taylor* v. *Boles,* 191 *Ga.* 591 (13 S. E. 2d, 352).

3. It was not error to sustain an oral motion, in the nature of a general demurrer, and dismiss the action.

*Judgment affirmed. All the Justices concur.*

No. 14880. JULY 6, 1944.

*E. A. Wright,* for plaintiffs. *John H. Hudson,* for defendant.