## KEHELY *v.* KEHELY.

HEAD, Justice.  1.  "All property given to, inherited, or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband." Code, § 53-502. The recovery by the wife (and mother) of a monetary compensation for the homicide of her minor child upon whom she is dependent or who contributes to her support is a property right. *Blue Ridge Park Nurseries* v. *Owen,* 41 *Ga. App.* 98 (2) (152 S. E. 485), and cases cited.

2.  "A mother, or if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support, unless said child shall leave a wife, husband, or child. The mother or father shall be entitled to recover the full value of the life of such child." Code, § 105-1307. This court has held that a father has no right of action for the homicide of a minor child, if the mother was in life at the time of the homicide, and if she died without bringing an action for the homicide, no right of action survived to or was conferred upon the father by the acts of 1887 (Ga. L. 1887, p. 43; Code, § 105-1307). *Frazier* v. *Georgia Railroad & Banking Co.,* 96 *Ga.* 785 (22 S. E. 936).

3.  "The earnings of a minor child belong to the father, unless the child

has been manumitted by the father." *Mock* v. *Neffler*, 148 *Ga.* 25 (95 S. E. 673); *Smith* v. *Smith*, 112 *Ga.* 351 (37 S. E. 407); Code, § 74-108. Though a father can not recover for the homicide of his minor child under the Code, § 105-1307, if the mother is living at the time of the homicide, he may recover for the loss of services of the child until majority, and for expenses of medicine and nursing, and expenses reasonably incurred in the burial of the child. *McDowell* v. *Georgia Railroad*, 60 *Ga.* 320; *Augusta Factory* v. *Davis*, 87 *Ga.* 648, 650 (13 S. E. 577); *Augusta Railway Co.* v. *Glover*, 92 *Ga.* 132 (18 S. E. 406); *Southern Railway Co.* v. *Covenia*, 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312). "A father cannot maintain an action for damages on account of the homicide of his infant child, who was, at the time of his death, incapable of rendering him any service." *Allen* v. *Atlanta Street Railroad Co.*, 54 *Ga.* 503; *Southern Railway Co.* v. *Covenia*, supra.

4. Where, as in the instant case, the husband and father seeks to assert and establish some interest in real estate, title thereto being in the wife and mother, the father's claim being based on a settlement made by the mother, with the father's consent, for the homicide of their minor child, and the petition does not allege what part, if any, of the money received was in settlement of the father's claim for loss of services and expenses, nor is it alleged that the minor child at the time of the homicide was capable of rendering any services to the father for which he might have recovered, such petition is too vague and uncertain to be the basis of any decree in equity, and therefore fails to state a cause of action. *Caldwell & Co.* v. *Dulin*, 22 *Ga.* 4; *Nance* v. *Daniel*, 183 *Ga.* 538 (189 S. E. 21).

5. Where a plaintiff seeks equitable relief on the theory that he has paid a part of the purchase-price of certain real estate, and insists that an implied or resulting trust has resulted from such partial payment, such plaintiff must show what part of the total purchase-price he paid. "A petition brought to recover an undivided interest in realty is not maintainable when it fails to aver of what fractional part of the whole that interest consists. The petition as amended failed to set forth a cause of action, and was rightly dismissed upon the demurrer filed thereto." *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109). See also *Stokes* v. *Clark*, 131 *Ga.* 583 (62 S. E. 1028); *DeLoach* v. *Jefferson*, 142 *Ga.* 436 (83 S. E. 122); *Mock* v. *Neffler*, 148 *Ga.* 25 (95 S. E. 673); *Lane* v. *Lane*, 149 *Ga.* 581 (101 S. E. 582); *Scott* v. *Williams*, 167 *Ga.* 386 (145 S. E. 651); *Simmons* v. *Simmons*, 194 *Ga.* 649 (22 S. E. 2d, 399). *Judgment affirmed. All the Justices concur.*

No. 15234. November 16, 1945.

*W. F. Moore,* for plaintiff.
*George F. Fielding,* for defendant.