21607. LEE *et al.* v. GREEN, Administratrix.

QUILLIAN, Justice. 1. In order for a court of equity to decree specific performance of a contract, the petition seeking the relief must show the contract is valid. *Pair v. Pair,* 147 Ga. 754, 757 (95 SE 295); *Crum v. Fendig,* 157 Ga. 528, 530 (121 SE 825); *Scott v. Scott,* 169 Ga. 290, 293 (150 SE 154). The statutory requisites of a valid contract are "there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate." *Code* § 20-107. One of the essential elements of a binding contract is a consideration for the promise of the party alleged to be bound by its provisions. In cases where the contract is to adopt or render certain parties capable of inheriting the estate of another it is uniformly held: "The first essential of a contract for adoption of a child, where no statutory adoption exists, is that it be made between persons competent to contract for the disposition of the child, and be based upon a sufficient legal consideration." *Rucker v. Moore,* 186 Ga. 747, 748 (2) (199 SE 106).

2. Where, as in the case sub judice, a woman has children of tender age by previous marriage, she customarily and as a matter of course takes the children into the home of her husband and shares their custody and control with him. The stepfather assumes the status of loco parentis to the children. Where he furnishes support and education to the children, no contract with the mother is necessary to entitle him to the affection, companionship and services that children normally accord a parent. Consent by the mother that the stepfather enjoy these benefits constitutes no consideration for the promise of the stepfather that he will adopt the children and render them capable of inheriting his estate. Hence, such an agreement on his part is not enforceable by decree of spe-

cific performance. *Taylor v. Boles,* 191 Ga. 591 (13 SE2d 352); *Fargason v. Pope,* 197 Ga. 848 (31 SE2d 37).

The principle here adhered to is not contrary to the holding of this court in *Foster v. Cheek,* 212 Ga. 821 (96 SE2d 545), nor is there any inconsistency in the opinions of the *Rieves* case (*Rieves v. Smith,* 184 Ga. 657, 192 SE 372, 112 ALR 368), and the cases of *Taylor v. Boles,* 191 Ga. 591, and *Fargason v. Pope,* 197 Ga. 848, to which reference has been made. The *Foster* case simply holds that the mother, where she is the only living parent of minor children, is a competent party to a contract consenting to their adoption by another, and that, where the legal custody of minor children is vested in the children's grandparents under a previous agreement between them and their mother, the grandparents may, with the consent of the mother, agree that a man to whom the mother is then married adopt the children and render them capable of inheriting his estate. In such a situation, there is a change in the status of the children's custody that constitutes consideration for the children's adoption, where as in the circumstances of the *Taylor* and *Fargason* cases, supra, and the present case, there is no change of custody, mutual obligations, rights and privileges by reason of a woman consenting to the stepfather's adoption of the children.

The fact that, as in the instant case, the children remained in the home of the stepfather and cared for him after they became of age and for many years thereafter does not serve as a ratification or confirmation of the mother's contract that the stepfather adopt them. This conclusion is correct because the mother only had legal authority to contract as to the custody and control of the children during their minority. While a valid contract may be entered into to adopt adults (*Crawford v. Wilson,* 139 Ga. 654, 662, 78 SE 30, 44 LRA (NS) 773; *Code* § 74-407 as revised by *Code Ann.* § 74-420, Ga. L. 1941, p. 808; see also *Rieves v. Smith,* 184 Ga. 657, 662, supra) and to render them capable of inheriting the estate of the foster parent, if based upon a valid consideration, there is no allegation in the petition we presently construe that any contract was entered into between the plaintiffs and the stepfather to reward them for their services to him.

*Judgment affirmed. All the Justices concur.*

862

SUBMITTED APRIL 10, 1962—DECIDED MAY 14, 1962.

*Cassandra E. Maxwell, Marvin O'Neal, Jr.,* for plaintiffs in error.

*Jas. L. Moore,* contra.