24547, 24550. MADDOX v. MADDOX; and vice versa.
24549. MADDOX, by Guardian ad litem v. MADDOX.

314

*C. Richard Avery, Rich, Bass, Kidd & Broome*, for appellant.
*Beryl H. Weiner*, for appellee.

Almand, Presiding Justice. John E. Maddox filed suit for divorce against his wife Georgianna F. Maddox. In her answer the defendant prayed that: (a) she be granted a divorce, (b) she be awarded the custody of their minor child Tina K. Maddox, (c) she be awarded the custody of Windi F. Maddox, (d) the plaintiff be required to specifically perform an alleged contract to support the said Windi F. Maddox, and (e) she be awarded temporary and permanent alimony and support for the parties' minor child, Tina K. Maddox.

On the hearing for temporary relief, the court (a) awarded the defendant wife the exclusive use and possession of the home of the parties as well as the furniture and furnishings therein "with the exception of the bedroom suite known as Mark's which shall be made available to plaintiff, upon demand, for his use and possession," (b) ordered the plaintiff to pay the defendant $350 per month as temporary alimony and child support and (c) ruled that "for the purposes of this hearing and the award of temporary support, this court finds a virtual adoption, by the plaintiff, of the child known as Windi Farmer Maddox, but feels that the final determination of virtual adoption is a matter to be determined by the jury upon the ultimate and final trial of this case."

John E. Maddox appealed from this order, and the appeal is here under Case No. 24547. He enumerates the following as error: "1. That the lower court erred in overruling plaintiff's oral motion, made before, during and after presentation of the evidence, to dismiss that portion of defendant's answer and

cross action which sought to enforce virtual or equitable adoption by the plaintiff of the defendant's . . . child.

"2. That the lower court erred in finding, for the purposes of the temporary hearing, a virtual adoption by the plaintiff of the defendant's . . . child.

"3. That the lower court erred in ordering the plaintiff to pay temporary support and alimony for the defendant's . . . child.

"4. That the lower court erred in ordering that the ultimate determination of virtual adoption was a matter to be determined by the jury upon the trial of the divorce case."

The defendant filed her cross appeal, which is here as Case No. 24550, and in which she enumerates as error (a) the order denying the motion to intervene of Windi Farmer Maddox, by next friend, in which she sought to require the plaintiff to specifically perform an oral agreement to adopt her as his child and (b) the court's granting the plaintiff the use and possession of the bedroom suite known as Mark's.

In cross appeal No. 24549, Windi Farmer Maddox, by next friend, complains of the court's dismissing her application to intervene seeking to require the plaintiff to specifically perform a contract to adopt her as his child. The order denying this intervention was entered on November 22, 1967.

■ On the main appeal, Case No. 24547. The defendant in her cross action asserted that on January 22, 1959, the plaintiff, in consideration of defendant's marrying him, orally agreed he would adopt one Windi Farmer and raise her as his own child, and he would start adoption proceedings after plaintiff and defendant had lived together one year. Defendant further asserted that the plaintiff has breached said agreement by refusing to adopt and support said child. Defendant prayed that the plaintiff be required to specifically perform the contract to adopt and support Windi Farmer Maddox.

Plaintiff's first enumeration of error assigns error on the court's overruling his motion to dismiss that portion of defendant's answer and cross action which sought to enforce the alleged oral contract to adopt Windi Farmer Maddox. In connection with Enumerations of error 2 and 4, plaintiff asserts the court erred

in finding, for the purposes of the temporary hearing, a virtual adoption of the child and in ordering that the ultimate determination of virtual adoption was to be by the jury on the final hearing.

Assuming without deciding that the defendant wife in a divorce action can by cross action require the plaintiff to specifically perform an oral contract to adopt the wife's child (see Section 13 of the Civil Practice Act of 1966; Ga. L. 1966, pp. 609, 625; Code Ann. § 81A-113), we pass only on the merits of the questions presented in the cross action.

Code § 20-401 (3) requires any agreement made upon consideration of marriage, except as to marriage articles, to be in writing. This court in a full bench decision in a case where the facts were essentially the same as in the present case held that: "A contract for adoption of a minor child, made in consideration of marriage of his mother, is within the Statute of Frauds, and consummation of the marriage is not sufficient performance to take it without the statute.

"Surrender of custody and parental control of the child by the natural parent to the adopting parent, and subsequent performance of the parol adoption contract by services rendered by the child in his changed domestic status, by filial affection bestowed by the child which will ordinarily be sufficient in virtual-adoption cases to authorize recovery as for specific performance, will not necessarily be so where the adopting parent is the stepfather, and it does not appear that the same situation would not have prevailed without regard to the adoption contract. In the present case, under these principles no sufficient allegations are made to authorize a recovery." *Taylor v. Boles,* 191 Ga. 591 (1, 2) (13 SE2d 352). For similar rulings see *Lee v. Green,* 217 Ga. 860 (2) (126 SE2d 417), and *Fargason v. Pope,* 197 Ga. 848 (31 SE2d 37).

It appearing that the alleged oral agreement to adopt the child of the defendant was a part of the agreement of the defendant to marry the plaintiff and that such agreement was not in writing, the subsequent marriage, relation and conduct between the parties is insufficient to authorize the specific performance of the alleged contract to adopt, and the court erred in not overruling

those portions of the defendant's answer and cross action which sought to enforce the alleged oral contract to adopt Windi Farmer Maddox, in finding a virtual adoption of the child for purposes of the temporary hearing and in ordering the ultimate determination of virtual adoption was a matter to be determined by the jury on the final hearing.

■ Plaintiff's third enumeration of error is that the court erred in awarding temporary alimony for the support of defendant's child. The defendant in her answer and cross action prayed that she be awarded temporary and permanent alimony and support of the parties' minor child, Tina K. Maddox. There was no contention or prayer that alimony be awarded for the support of Windi Farmer Maddox. The court's award of $350 per month "as temporary alimony and child support" includes only the wife and Tina K. Maddox.

■ Cross appeal No. 24549. The motion to intervene of Windi Farmer Maddox, by next friend, was denied on November 22, 1967. Notice of appeal from this order was filed on January 26, 1968. This was not in time to comply with Sec. 5 of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 21, Ga. L. 1966, pp. 493, 496; *Code Ann.* § 6-803), which requires notice of appeal to be filed within 30 days after entry of the appealable decision. This cross appeal must be dismissed.

■ Cross appeal No. 24550. ■ The defendant asserts that the court erred in refusing to allow the intervention of Windi Farmer Maddox. The alleged oral contract to adopt not being valid or enforceable for the reasons set out in Division 1 of this opinion, the court did not err in denying the motion to intervene.

■ The complaint that the court erred in permitting, on the temporary hearing, the plaintiff on demand the temporary use of Mark's bedroom suite (Mark being plaintiff's son by a previous marriage) is without substance or merit.

The main appeal, No. 24547, will be affirmed in part and reversed in part, with direction that the court strike from its order the following: "That for the purposes of this hearing and the award of temporary support, this court finds a virtual adoption, by the plaintiff, of the child known as Windi Farmer Maddox, but feels that the final determination of virtual adoption is

a matter to be determined by the jury upon the ultimate and final trial of this case."

*Judgment on main appeal, No. 24547, affirmed in part; reversed in part with direction. Cross appeal No. 24549 dismissed. Judgment on cross appeal No. 24550 affirmed. All the Justices concur.*