## 31751. HAYES v. HAYES.

NICHOLS, Chief Justice.

This is an appeal by the defendant in a divorce action. The appellant and appellee were first divorced in February, 1966 and as a part of the settlement agreement, appellant deeded to appellee a 43-acre tract of land subject to an outstanding security deed. In March, 1966 the parties were remarried and appellant moved back into the home located on the 43-acre tract where the couple resided until the present suit for divorce was filed in September, 1976.

The appellee alleged in the present suit that she was the owner of the 43-acre tract by virtue of the 1966 agreement and deed. The appellant, in his answer and cross complaint, alleged that plaintiff orally promised she would convey to defendant a one-half undivided interest in said property if and when they remarried. The trial court ruled that the promise would be within the Statute of Frauds and void because not in writing and refused to allow any evidence in proof of the oral promise.

The appellant filed a motion for new trial in which he contended this ruling was error since he had completely performed his part of the contract so as to remove it from the Statute of Frauds. The trial court overruled his motion for new trial and he appeals, enumerating this ruling as error.

In *Hammond v. Hammond,* 135 Ga. 768 (2a) (70 SE 588) (1910), this court held: "The agreement referred to in the plea was within the statute of frauds, and the marriage of the parties was not such part performance thereof as took it without such statute." See *Fargason v. Pope,* 197 Ga. 848 (31 SE2d 37) (1944); *Griffin v. Driver,* 202 Ga. 111 (42 SE2d 368) (1947); *Reynolds v. Reynolds,* 217 Ga. 234, 252 (123 SE2d 115) (1961); and *Maddox v. Maddox,* 224 Ga. 313 (1) (161 SE2d 870) (1968), for similar holdings.

The enumerations of error are without merit and the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1977 — DECIDED JANUARY 28, 1977.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Davis, Davidson & Hopkins, Jack Davidson, Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellee.