### GOLDBERGER et al. v. MORRIS.

(Supreme Court, Appellate Term.   June 22, 1905.)

CONTRACTS—ACCEPTANCE BY A COMPANY—SUFFICIENCY.

A contract stipulating that it shall not be binding on a company until accepted by it through its executive officer is not accepted by a writing: "Accepted * * * by * * * [name of company printed] by," followed by the name of a person not shown to be such officer.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Emil Goldberger and another against Abraham Morris. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Levine & Schwartz, for appellants.
Rosin & Eno, for respondent.

MacLEAN, J. Judgment was rendered herein in favor of the defendant upon a writing subscribed by himself on December 30, 1904, requesting the Metropolitan Electric Protective Company to install a burglar alarm service in his store at 59 East Ninth street, this city, upon terms and conditions therein set forth. It appears that the plaintiff Goldberger secured the subscription, but there is no proof otherwhere in the record of any acceptance of this offer of

the defendant, unless it be in the writing introduced in evidence, "Accepted 12/30/4 By Metropolitan Electric Protective Company [printed] By Simon B. Hess." But the agreement providing that it shall not be binding upon the company until accepted by it through its proper executive officer, and the writing exhibiting upon its face no such acceptance, the trial justice found no liability in the defendant for breach of an agreement appearing never to have had life. The judgment must therefore be affirmed, without adverting to evidence respecting revocation and withdrawal.

Judgment affirmed, with costs.

SCOTT, P. J., and DUGRO, J., concur in the result.