## 5403. GARDNER v. WESTERN UNION TELEGRAPH CO.

1. The general demurrer being properly sustained, it is unnecessary to consider in detail the several grounds of the special demurrer.

2. Where an action is based upon alleged negligence or misconduct of an agent or employee, in order to bind the principal it must be proved that the agent or employee was acting at the time within the scope of his employment, and therefore it should be specifically alleged in the petition that he acted within the scope of his employment, or his duty as such agent or employee should be so specifically set forth as to indicate what was the actual scope of his employment; and whether the act complained of was within that scope. *Century Building Co.* v. *Lewkowitz*, 1 *Ga. App.* 636 (57 S. E. 1036).

3. Where damages are sought because of the negligence or misconduct of another, it must appear that loss necessarily resulted; and where it is alleged that the loss arose from the delivery of a forged telegram agreeing to accept a draft, it must appear that the pretended acceptor was solvent at the time and able to respond to any legal demand arising from such acceptance if the telegram had been genuine.

4. A general charge in a petition that loss accrued to the plaintiff because the servant or agent of the defendant was "unreliable," and because the defendant had in its employ "the unreliable messenger boy referred to in

this petition, knowing him to be unreliable," without more specifically alleging how or in what particular the servant or agent was "unreliable," or how or in what manner the defendant was negligent, is insufficient; nor is it sufficient to plead facts as affording a reason for the ultimate fact, unless the ultimate fact is a necessary deduction from such evidentiary or alleged facts. *Davis* v. *Arthur*, 139 *Ga.* 75 (76 S. E. 676).

5. Where a petition contains two counts, neither of which adopts or refers to any of the allegations in the other, each count must stand or fall by itself, and the averments in one count can not be considered in aid of the other.

DECIDED MARCH 26, 1914.

Action for damages; from city court of Albany—Judge Clayton Jones. November 14, 1913.

*James Tift Mann,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, Pottle & Hofmayer, John K. MacDonald Jr.,* for defendant.

WADE, J. Gardner, doing business as the St. Nicholas Hotel, sued the Western Union Telegraph Company in the city court of Albany, alleging that he had been injured and damaged in the sum of $75, by reason of the following facts: On or about August 1, 1913, a person registered at the hotel of the plaintiff as H. Davis, and requested plaintiff to honor or cash his draft on the Uncle Sam Breakfast Food Company, of Omaha, Nebraska, and to this end wrote a telegram to be sent through defendant's office at Albany, directed to said Breakfast Food Company, and presented the same to plaintiff's clerk at said hotel and requested said clerk to send the same for him. Plaintiff's said clerk took said telegram and pulled or operated the call-box of the defendant, which was installed in plaintiff's hotel and was connected with the office of the defendant in said city of Albany, and, in response to the call of said "box," a messenger-boy, known as Harley Bramlett, and known at the time as messenger-boy No. 2, and then employed by the defendant, responded to the call of said "box" at about 1:55 p. m., and took said telegram from plaintiff's said clerk and disappeared. Said telegram (which is not in the control, power, or custody of plaintiff) was in substance a request to said Uncle Sam Breakfast Food Company to wire plaintiff to honor the said draft of H. Davis for $75. About 8 p. m. on the same day that plaintiff had delivered said message to said Bramlett, the said messenger-boy came to plaintiff's hotel and delivered to plaintiff's clerk a telegram purporting to have been received by defendant at Albany, from said

Breakfast Food Company, directed to plaintiff and requesting that plaintiff honor said H. Davis's draft for $75—a copy of which telegram is attached to the petition. On receipt of said last-mentioned message and on the strength thereof, plaintiff's clerk cashed the draft of said H. Davis, and paid out to the said Davis the sum of $75. Plaintiff duly forwarded said draft to said Breakfast Food Company for collection, and the same was by said company returned dishonored, with the statement that said Davis was not an employee of said company. Plaintiff alleges further in his petition that "neither of said telegrams hereinbefore mentioned was ever received by said defendant, but said messenger-boy employed and sent out by defendant, conspiring and conniving with said H. Davis, withheld the said first telegram from delivery to defendant, and delivered said second telegram to plaintiff, knowing that the same had not been received by the defendant, and that same had been concocted by said H. Davis to defraud, and defrauding plaintiff out of $75, in which amount plaintiff has been damaged as aforesaid."

The above constitutes one count of the petition. The second count sets out the same facts, except that it fails to allege any collusion between the messenger-boy and Davis, and also fails to allege any misconduct or negligence on the part of the messenger, except that it alleges that the plaintiff, "in sending and receiving said message or telegram, relied upon the defendant having within its employment honest and reliable servants," and that "the loss of plaintiff is the direct result and consequence of the negligence of defendant in having in its employment the unreliable messenger-boy referred to in this petition, knowing him to be unreliable." The first count of the petition seeks to recover for the alleged tortious act of the messenger-boy, who is described as the agent or employee of the defendant; but the petition nowhere alleges that the messenger-boy, in calling for the original telegram addressed to the Breakfast Food Company, or in delivering to the plaintiff what purported to be a reply to it, was acting within the scope of his employment; nor does the petition disclose what were the ordinary, usual, and proper duties of the messenger-boy in connection with the defendant's business. The second count seeks to recover on the ground that the messenger-boy was "unreliable," and was known by the defendant to be unreliable, but wherein the boy was

unreliable or dishonest does not appear from this count, since it does not set forth any conduct of his that could be so characterized without referring to the first count. The second count standing by itself sets out no cause of action whatever; and its defects can not be supplied by referring to the allegations contained in the first count, since it does not appear that the second count adopts or refers to any allegation made in the first count. *Atkinson* v. *Bullard*, 14 *Ga. App.* 69 (80 S. E. 221). As stated in the case of *Hutson* v. *King*, 95 *Ga.* 272 (22 S. E. 616), "While averments of fact contained in independent counts of a declaration may not be taken in aid the one of the other, yet if the pleader by appropriate averment in one count adopts as part of such count facts stated in another, such facts so adopted may be taken as stated in the former, without formal repetition; and even though the latter count be insufficient in statement of a cause of action, a demurrer thereto for want of a cause of action should be overruled." There being no reference in the second count to any of the allegations of the first count, the second count must stand or fall by itself. There is not in either count an allegation to the effect that the Uncle Sam Breakfast Food Company was a solvent or going concern, individual, firm, or corporation; and, since it does not appear from the plaintiff's allegations that he would have been in any better condition had the telegram been genuine, it does not appear that loss resulted to him from the delivery of the alleged fraudulent telegram. The general demurrer was properly sustained; and therefore it is unnecessary to consider the question whether the messenger-boy, under the circumstances set forth in the petition, had authority to bind the defendant by his alleged wrongful conduct.

*Judgment affirmed. Roan, J., absent.*