## 14428. MARTIN v. GREER.

JENKINS, P. J. 1. "A person professing to practice surgery or the administering of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill." Civil Code (1910), § 4427. "In a suit for damages alleged to have been caused by the malpractice of a surgeon, the burden is on the plaintiff to show a want of due care, skill, or diligence, and also that the injury resulted from the want of such care, skill, or diligence." *Ga. Northern Ry. Co.* v. *Ingram*, 114 *Ga.* 639 (40 S. E. 708); *Akridge* v. *Noble*, 114 *Ga.* 949, 958 (41 S. E. 78).

2. While it is true that "in determining the question of reasonable care and skill the jury may consider the place of the operation, the circumstances surrounding it, the situation of the defendant with respect to the operation, and all the facts and circumstances which may be shown by the evidence and which may throw light on the ultimate question" (*Pace* v. *Cochran*, 144 *Ga.* 261, 265, 86 S. E. 934; *Fincher* v. *Davis*, 27 *Ga. App.* 494, 108 S. E. 905), such is not the rule as to pleadings, and it is improper in a petition to set forth "evidence instead of directly alleging an issuable fact," or to plead "collateral evidential facts which the jury might perhaps believe" pointed in the direction of the fact sought to be shown. *Maynard* v. *Armour Fertilizer Works*, 138 *Ga.* 549, 554 (75 S. E. 582); *Ala. Construction Co.* v. *Continental Car Co.*, 131 *Ga.* 365, 367 (62 S. E. 160).

(a) Likewise, the inclusion in a petition, or the attachment thereto as an exhibit, of an X-ray photograph, designed to show the condition of an injured member from the alleged malpractice of a surgeon, is subject to special demurrer. *Pace* v. *Cochran*, 144 *Ga.* 261, 264 (86 S. E. 934).

(b) It is also true that allegations in a petition which do not state issuable facts, but state mere conclusions relative to negligence, should be stricken upon timely special demurrer. *Sweat* v. *Foster*, 28 *Ga. App.* 360 (111 S. E. 66).

(c) Under the foregoing rulings, the special demurrers to the plaintiff's petition were properly sustained.

3. The petition as a whole failed to show negligence in exercising or failure to exercise any professional act or duty owed by the defendant as a surgeon, in sending the plaintiff to the city hospital, or any negligence chargeable to the defendant in the performance there by others of the operation in setting a broken leg, or in any subsequent treatment by the defendant. The allegations consist largely of evidence, collateral or irrelevant matter, and conclusions of the pleader. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 23, 1924.

Action for damages; from Fulton superior court—Judge Ellis. January 24, 1923.

*Howard Stevens, William E. Arnaud,* for plaintiff.

*Virlyn B. Moore, Bryan & Middlebrooks,* for defendant.