### 16089.   WEEMS *v.* ALBERT PICK & COMPANY.

BROYLES, C. J.  1. A. E. Weems, of Macon, Georgia, gave to a salesman of Albert Pick & Company, a corporation of Chicago, Illinois, a written order for certain goods, which order contained the following stipulation: "This order not binding on Albert Pick & Company unless accepted by one of its executives at the home office." There was no binding contract between the parties until this condition as to acceptance had been complied with. *Atlanta Buggy Co.* v. *Hess Spring & Axle Co.,* 124 *Ga.* 338 (1, 2) (52 S. E. 613, 4 L. R. A. (N. S.) 431); *Hill* v. *Armour Fertilizer Works,* 21 *Ga. App.* 45 (2) (93 S. E. 511).

(*a*) Since it was not alleged or shown that "C. H. Kruger" was an

executive officer of Albert Pick & Company the following letter does not show a compliance with the condition as to acceptance:

"Albert Pick & Company.

Chicago, U. S. A., July 6, 1923.

"Mr. A. E. Weems, Macon, Georgia.

"Dear Sir: We are pleased to acknowledge receipt of your recent order placed with our representative, Mr. R. L. Hay, in the amount of $2,897.71, which is having attention and will go forward as promptly as possible. Thanking you for your consideration, we remain,

"Yours very truly,

"Albert Pick & Company

"C. H. Kruger."

"C. H. Kruger

"feb."

See, in this connection, *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447); *George W. Muller Mfg. Co.* v. *Benton*, 137 *Ga.* 411 (2) (73 S. E. 669); *Goods Roads Machine Co.* v. *Neal*, 21 *Ga. App.* 160 (2) (93 S. E. 1018); *Evans* v. *Atlanta Paper Co.*, 21 *Ga. App.* 114 (1), 117, 118 (93 S. E. 358); *Pennsylvania Fire Insurance Co.* v. *Sorrells*, 23 *Ga. App.* 398 (2) (93 S. E. 358); Goldberger v. Morris, 94 N. Y. Supp. 359.

(b) It not being directly alleged in the defendant's plea that "Kruger" was an executive officer of Albert Pick & Company, it will not be presumed that he was such an officer from the other facts and circumstances alleged in the plea. The presumption of authority is one of evidence, and not of pleading, and the authority should be positively alleged. See, in this connection, *Wright* v. *Hicks*, 15 *Ga.* 160 (3).

(c) Nor can defective pleadings be aided by the maxim "res ipsa loquitur." *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (4) (50 S. E. 974).

(d) The contention of the plaintiff in error, that the shipment by the defendant in error of a portion of the goods specified in the written order was a ratification of the entire contract, is without merit, since no binding contract was shown, but merely an offer to contract, which was not accepted in the manner stipulated in the offer. *Chickamauga Mfg. Co.* v. *Augusta Grocery Co.*, 23 *Ga. App.* 163 (98 S. E. 114).

2. A previous course of dealings between the same parties may be shown, to explain an ambiguous contract, but not to alter or modify the clear and unambiguous stipulations of a writing complete within itself. Civil Code (1910), §§ 5791, 5792, 5793; *Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321 (2), 330 (2) (14 S. E. 556); *Stamey* v. *Western Union Telegraph Co.*, 92 *Ga.* 613 (2), 616 (18 S. E. 1008); *Brunswig* v. *East Point Milling Co.*, 11 *Ga. App.* 9 (2) (74 S. E. 448).

3. Under the above-stated rulings the court did not err in striking certain portions of the amended plea, as complained of by the plaintiff in error.

4. In view of the particular facts of the case, there was no error in any of the court's rulings upon the admissibility of evidence.

5. The judge, sitting by consent without the intervention of a jury, did not err in rendering a judgment in favor of the plaintiff for the full amount sued for, or thereafter in overruling the motion for a new trial.      *Judgment affirmed.*    *Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 4, 1925. REHEARING DENIED APRIL 15, 1925.

Complaint; from city court of Macon—Judge Jordan. November 22, 1924.

Albert Pick & Company, a corporation, sued A. E. Weems on an open account for $532.50, the price of certain blankets and carpeting. The defendant in his plea set up that these goods were furnished as a part of the goods included in an order accepted by the plaintiff and constituting a contract, which the defendant failed and refused to complete; and he sought to recoup damages for the alleged breach of contract. The court, on demurrer, struck those parts of the plea which set up this defense. The plaintiff contended that there was no acceptance of the order and no contract as alleged, and it was testified that the goods included in the account sued on were shipped by mistake. The judge (who by consent tried the case without a jury) rendered judgment against the defendant for the amount sued for.

*Walter DeFore, James C. Estes,* for plaintiff in error.

*Jones, Park & Johnston,* contra.