20170.   BIVINS *v.* TUCKER.

DECIDED SEPTEMBER 8, 1930.

*P. Q. Bryan, Marlin L. Bivins,* for plaintiff in error.
*James L. Dowling,* contra.

BELL, J.   I. E. Tucker brought suit against F. J. Bivins, to recover a part of the purchase-money of two tracts of land sold and conveyed by the defendant to the plaintiff in a deed describing one of the tracts as 90 acres, more or less, and the other as 100 acres, more or less.   The petition alleged a shortage of 46.33 acres and 31.67 acres respectively, in the two tracts, and sought to recover the sum of $1436.76 as the relative proportion of the purchase-price.   The defendant filed a general demurrer to the petition, which the court overruled.   After this the case proceeded to trial and resulted in a verdict and judgment in favor of the plaintiff. The defendant then made a motion for a new trial, which was still pending in the trial court when he sued out the present bill of exceptions assigning error upon the judgment overruling the general demurrer to the petition.   The defendant in error (the plaintiff in the court below) has moved to dismiss the bill of exceptions, upon the ground that the case is still pending in the court below, in that the motion for a new trial "has never been withdrawn, overruled, or dismissed, but now remains of file in said court undisposed of."   The question for decision upon the merits is whether the petition contained sufficient allegations of fraud. The averments in regard to that issue were as follows:   "Petitioner shows further that the deficiency of 46.33 acres in [the 90-acre tract] is so great as to justify a suspicion of wilful deception, or mistake equivalent thereto; that the deficiency of 31.67 acres in [the 100-acre tract] is so great as to justify a suspicion of wilful deception, or mistake equivalent thereto. . . Petitioner shows that the defendant represented to him that the acreage

set up in his said deed was approximately correct, but that the 90-acre tract referred to and described in the petition might be a little short, but only slightly so if short at all; . . that defendant knew at the time of said contract of sale that the land was short in acreage, or by the exercise of due diligence should have known of such shortage; that the statements and misrepresentations as to the acreage contained in said deed were made recklessly and negligently and without regard to the truth, and for the purpose of effecting said sale and obtaining petitioner's money."

■ The motion to dismiss is controlled adversely to the defendant in error by the decision of the Supreme Court in *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505). In that case the Supreme Court held as follows: "Where a defendant files a general demurrer to a petition, a judgment overruling the demurrer is a final determination of the case as to him; and accordingly, under application of the provisions of . . section [§ 6138] of the code, such judgment would be a disposition of the case that would authorize the defendant to assign error thereon in a direct bill of exceptions. . . The facts that after overruling the demurrer the case proceeded to trial and resulted in a verdict for the plaintiff, and that the defendant made a motion for new trial, would not prevent the defendant, acting within the time prescribed by law for filing a bill of exceptions to such judgment overruling the demurrer, from suing out his direct bill of exceptions assigning error on that judgment while the motion for new trial was pending in the trial court."

■ It is the settled law of this State that if a sale of land is by the tract rather than by the acre, a deficiency in the acreage can not be apportioned, in the absence of actual or moral fraud on the part of the vendor. The allegation that the defendant knew that the acreage was short, "or by the exercise of ordinary diligence should have known of such shortage," was a charge of constructive knowledge only (*Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459, 460, 79 S. E. 130), and it requires more than this to make a case of actual fraud. Nor did the allegation that the representations "were made recklessly and negligently and without regard to the truth, and for the purpose of effecting said sale and obtaining petitioner's money" show a sufficient ground of recovery. An intention to deceive must appear (*Smith* v. *Mitchell,* 6 *Ga.* 458 (7) ; *Kendall* v. *Wells* 126 *Ga.* 343, 350, 55 S. E. 41; *Cooley* v. *King,* 113 *Ga.*

1163 (2), 39 S. E. 486; *Wooten* v. *Calahan,* 32 *Ga.* 382; *Hendley* v. *Chambliss,* 30 *Ga. App.* 736, 119 S. E. 351; *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 144 S. E. 400) ; and while perhaps this might be inferred from all the facts alleged, it is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence. This was not true of the present petition. *Wright* v. *Hicks,* 15 *Ga.* 160 (3) (60 Am. D. 687) ; *Charleston &c. Ry. Co.* v. *Augusta Stockyard Co.,* 115 *Ga.* 70 (41 S. E. 598) ; *Maynard* v. *Armour Fertilizer Works,* 138 *Ga.* 549 (5) (75 S. E. 582) ; *Davis* v. *Arthur,* 139 *Ga.* 75 (4) (76 S. E. 676) ; *Gardner* v. *Western Union Telegraph Co.,* 14 *Ga. App.* 403 (4) (81 S. E. 259) ; *Martin* v. *Greer,* 31 *Ga. App.* 625 (2) (121 S. E. 688) ; *Weems* v. *Albert Pick & Co.,* 33 *Ga. App.* 580 (1 b) (127 S. E. 819) ; 31 Cyc. 48. "The difference between a necessary allegation in a declaration and the evidence which may be sufficient to sustain such allegation is clear." *Kendall* v. *Wells,* supra; *Kirkland* v. *Brewton,* supra.

The petition failed to set forth a cause of action, and therefore it was error to overrule the general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*