25459. MILLER *v.* QUAKER SAVINGS ASSOCIATION.

DECIDED JUNE 9, 1936. REHEARING DENIED JULY 23, 1936.

*Benjamin B. Garland,* for plaintiff.
*Douglas, Andrews & Cole,* for defendant.

SUTTON, J. The exception in this case is to the sustaining of a general demurrer to plaintiff's petition. The suit is for damages based on the alleged fraud and deceit of the defendant. Plaintiff alleges that on May 7, 1931, an agent of defendant, acting in its behalf and within the scope of his authority, solicited plaintiff to deposit her money in the savings department of the defendant association, stating that it paid seven per cent. interest on deposits, while banks only paid three per cent. thereon; that by persuasion, inducements, and fraudulent statements of the defendant the plaintiff was induced to deposit her money in said association, plaintiff being under the impression that the defendant was a bank, that said agent told plaintiff that she could withdraw her money on demand. The petition further alleged that plaintiff signed an agreement, making her a member of the defendant, and made an initial deposit of $211.20, and then deposited other sums amounting to $94.37, and withdrew $100 on two occasions, and that thereafter on July 17, 1931, plaintiff made demand on defendant for payment to her of the remaining balance of the deposit, which was refused, the defendant stating that plaintiff was not a member of a savings bank, but of a savings investment association and that her investment certificate had not yet matured. Plaintiff alleges that it was not until this date that she learned that the defendant was not a savings bank; that the agent of the defendant deceived her into thinking the defendant was a bank and that the whole scheme of the defendant, in its application and certificate, was designed to induce plaintiff into believing that she was placing her money in a bank, which she could withdraw on demand. She alleges that the defendant should have advised her that she was not placing her money in a bank. Plaintiff does not allege that she could not read the application or was prevented therefrom by any act of the defendant or its agent.

1. On general demurrer the allegations of a petition must be construed most strongly against the pleader. Essential allegations to make a cause of action will not be presumed, but must be distinctly averred. *Evans* v. *Dickey,* 50 *Ga. App.* 127 (177 S. E. 87).

2. A deposit of money in a savings investment association under a contract which provides for the issuance of an investment annuity certificate and the maturity thereof in a certain number of years, whereby the association agrees to pay seven per cent. interest compounded semi-annually on deposits or installments paid in by the depositor, in the application for which (signed by the depositor) it is recited that such person "agrees to make the initial payment of $150 and additional payments of $25 each on or before the 5th day of each month, beginning with the month of June, 1931, until 133 monthly payments have been made; all such payments being subject to the terms of such annuity certificate and its privileges and conditions, which shall include the right of the holder to withdraw any part or all monthly payments, with interest thereon at 7 per cent. per annum, compounded semi-annually, the initial payment with 7 per cent. interest, as added and compounded, is repayable at maturity," and where the certificate referred to states that it matures on June 3, 1942, and the conditions thereof recite "that at any time after the initial payment and one or more monthly payments have been made hereon, there will be paid to the registered holder an amount equal to the sum of all monthly payments made hereon, with interest thereon at 7 per cent. compounded semi-annually, . . the initial payment with 7 per cent. interest . . is payable when the contract is matured," does not constitute a deposit of money in an ordinary savings bank, subject to withdrawal on demand, with or without notice, and the holder of such certificate is only entitled to withdraw the monthly payments made, and not the initial payment until maturity, as therein provided. Such contract is binding on the holder, and the fact that she does not read the same, in the absence of any fraud or artifice practiced to prevent her from so doing, will not excuse her from being charged with knowledge of the contents thereof and being bound thereby. *Hodge* v. *Milam,* 48 *Ga. App.* 105 (171 S. E. 870), and cit.

3. The plaintiff's petition in this case, which is based upon

alleged fraud on the part of the defendant, through its agent, does not allege any fiduciary relationship between the parties, and does not show any fraud or deceit for which the defendant association would be liable and which excused the plaintiff from reading her application, and relieved her from the binding effect of the contract signed by her and which entitled her to recover the initial deposit made by her in the association, before its maturity as provided in the application and in the certificate. *Hart* v. *Waldo*, 117 *Ga.* 590 (43 S. E. 998).

4. Both the application signed by the plaintiff, and the investment certificate, provide that the association is not bound by any representations made by any agent in addition to or contrary to the provisions thereof. The alleged fraud and deceit alleged by plaintiff as practiced upon her by defendant's agent do not excuse the plaintiff for not having read the application, it not being alleged that her eyesight was bad, or that she was prevented from reading the same by the agent. The statement of the agent that the plaintiff would be entitled to withdraw her money on demand is in direct contradiction of the written provisions in the application and the certificate, and does not relieve the plaintiff of the binding effect of the contract or show any reason why the defendant association has practiced any fraud on her.

5. There are no facts alleged which tend to show any actionable fraud on the part of the defendant inducing plaintiff to enter into the contract and preventing her from reading the application signed by her; and in the absence thereof the plaintiff became a member of the defendant investment association, subject to and bound by its terms and conditions.

6. The petition did not set out a cause of action against the defendant, and was properly dismissed on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*