722

CANDLER, Justice. 1. All suits in the superior courts of this State, for legal or equitable relief or both, are instituted by petition, in which the pleader is required to allege his cause of action plainly, fully, and distinctly. Code, § 81-101. Essential allegations will be neither implied nor presumed, but must be distinctly averred; otherwise, the petition is defective. *Evans* v. *Dickey*, 50 *Ga. App.* 127 (177 S. E. 87); *Florida State Hospital* v. *Durham Iron Co.*, 194 *Ga.* 350, 355 (5) (21 S. E. 2d, 216).

2. "A court of equity will decree specific performance of a contract for the sale of land which is in writing, is certain and fair, for an adequate consideration, and capable of being performed." *Ogletree* v. *Ingram & LeGrand Lumber Co.*, 207 *Ga.* 333 (61 S. E. 2d, 480). See also *Mangum* v. *Jones*, 205 *Ga.* 661 (54 S. E. 2d, 603), and *Finney* v. *Blalock*, 206 *Ga.* 655 (58 S. E. 2d, 429). It will also require specific performance of a written contract which provides for the redemption of land, where the seller complies with the terms of the contract within the redemption period. *Barron* v. *Anderson*, 204 *Ga.* 7 (48 S. E. 2d, 846), and the authorities there cited. Since, however, specific performance is not granted as a matter of absolute right, but only in those cases where the cause is equitable and just, a petition therefor which fails to allege facts showing such to be the case is subject to demurrer. *Shropshire* v. *Rainey*, 150 *Ga.* 566 (2) (104 S. E. 414); *Whitehead* v. *Dillard*, 178 *Ga.* 714, 717 (174 S. E. 244); *Coleman* v. *Woodland Hills Co.*, 196 *Ga.* 626 (27 S. E. 2d, 226).

3. In the instant case the petition alleges that the defendant Ewing, on December 24, 1948, purchased a described tract of land in Irwin County from the plaintiff Paulk. Simultaneously therewith, the purchaser agreed in writing to reconvey it to the seller, at any time within five years thereafter, on the repayment to him of $3600, plus the value of any improvements the purchaser placed on the land at any time during the redemption period. On December 4, 1949, the plaintiff tendered the defendant Ewing $3600, and demanded a deed reconveying the land involved to him; but the petition is completely silent respecting improvements or the value thereof and, in the absence of allegations concerning the same, it will not be presumed, as a matter of fact, that no improvements had been actually made upon the land by the purchaser. See *Evans* v. *Dickey*, supra. Dealing, therefore, with the contention that the petition failed to state a cause of action for the relief sought, and applying the rules that a pleader must plainly, fully, and distinctly allege his cause of action, and that a petition, when challenged by general demurrer, will be construed most strongly against the pleader—an allegation that nothing was due under the redemption contract for improvements was unquestionably necessary; and this is true because it is always incumbent on a plaintiff, who is asking for the specific performance of a contract, to allege and prove that he has himself fully complied with the terms of the contract so declared upon. If, in the case at bar, no improvements had been made upon the property involved, the pleader should have alleged that fact.

4. For the want of a necessary and indispensable allegation showing that

the plaintiff had himself fully complied with the terms of the contract relied upon, the petition in the instant case failed to state a cause of action for specific performance—the only relief sought. Accordingly, the trial judge should have sustained the defendants' general demurrer raising that question; and it was error not to do so.

*Judgment reversed. All the Justices concur.*

No. 17747. Submitted January 16, 1952—Decided February 11, 1952.

*D. C. Sapp, Marshall Ewing, Arthur C. Farrar,* and *E. C. Collins,* for plaintiffs in error.

*D. E. Griffin* and *McDonald & McDonald,* contra.