## 39574. BECKMANN v. RAKOSKE.

HALL, Judge. This is an assignment of error on the overruling of the general demurrer of the defendant (plaintiff in error) to the petition of plaintiff (defendant in error). The plaintiff alleged that, for the purpose of making repairs, the defendant dug up a brick walkway which she had a right to use and it was necessary for her to use in her occupancy of premises rented from the defendant, and that she was injured because of the defendant's negligence in leaving the walkway in a dangerous condition and failing to restore it to a safe condition, when the defendant knew or should have known of the danger. *Held:*

The defendant argues that the allegation that the defendant's agent "assured plaintiff that he would restore said walkway to a safe and useable condition" conclusively shows that plaintiff knew of the dangerous condition by which she was injured. We understand defendant's contention to be that this allegation shows that she, the landlord, had notified the plaintiff tenant that the walkway was unsafe. To say that when restored the walkway will be safe does not necessarily say that the walkway is now unsafe. Even if this contention were correct, we have found no case that holds that a landlord by so notifying the tenant, can place upon the tenant the duty to refrain from using a part of the premises where there is no patent danger, even though the tenant may be aware of a patent defect. "The only duty of care resting on the tenant is to refrain from using those portions of the premises which are patently defective or dangerous; but when the landlord is notified that the premises are out of repair, it becomes his duty to inspect the premises and to make such repairs as the safety of his tenants requires." *Ball v. Murray,* 91 Ga. App. 686, 687 (86 SE2d 706).

The authorities cited by the defendant do not support her position. As the trial judge stated in his order, the plaintiff alleged that she had notified the defendant's agent that the condition of the walkway made it "inconvenient" for her to use the rented premises. She alleged further that what caused her injury was a latent danger—that the brick on which she stepped was not apparently dangerous. Upon these facts the law is: "When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition." *Miller v. Jones,* 31 Ga. App. 318 (120 SE 672);

*Kimpson v. Wingo,* 84 Ga. App. 189, 193 (65 SE2d 837);
*King v. Moffett,* 104 Ga. App. 240 (121 SE2d 405).
We cannot say as a matter of law from the facts alleged that
the plaintiff failed to exercise ordinary care for her own
safety so as to bar her recovery, or that the defendant was
not negligent as alleged by the plaintiff. *Oglesby v. Rutledge,*
67 Ga. App. 656 (21 SE2d 497). These questions must be
left to the jury.

The trial court did not err in overruling the defendant's gen-
eral demurrer.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

DECIDED JUNE 21, 1962.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* for plaintiff in error.
*Charlton E. Clark,* contra.