21742. WINDER v. WINDER, Administrator.

410

SUBMITTED SEPTEMBER 10, 1962—DECIDED OCTOBER 1, 1962—
REHEARING DENIED OCTOBER 22, 1962.

*D. B. Phillips,* for plaintiff in error.

*Webb & Fowler,* contra.

QUILLIAN, Justice. ■ As in the case sub judice, the unfulfilled contract to adopt another does not confer upon such person the status of the adopted child of the parties who break the promise nor operate to constitute him the heir at law of the promisor. *Crawford v. Wilson,* 139 Ga. 654 (78 SE 30, 44 LRA (NS) 773); *Rahn v. Hamilton,* 144 Ga. 644 (87 SE 1061); *Taylor v. Taylor,* 217 Ga. 20 (120 SE2d 874); *Collins v. Griffin,* 93 Ga. App. 282, 285 (91 SE2d 369). This is true whether the promise to adopt be valid or invalid, enforceable or unenforceable.

In a proper case, where a valid contract to adopt another is breached, the injured party may enforce the contract by suit for specific performance and obtain a decree that he is entitled to have the same benefits from the defaulting parties' estate that would have been his if the contract had been performed and a legal adoption had, according to the terms of the contract.

■ "In order for a court of equity to decree specific performance of a contract, the petition seeking the relief must show the contract is valid. *Pair v. Pair*, 147 Ga. 754, 757 (95 SE 295); *Crum v. Fendig*, 157 Ga. 528, 530 (121 SE 825); *Scott v. Scott*, 169 Ga. 290, 293 (150 SE 154) . . . In cases where the contract is to adopt or render certain parties capable of inheriting the estate of another it is uniformly held: 'The first essential of a contract for the adoption of a child, where no statutory adoption exists, is that it be made between persons competent to contract for the disposition of the child, and be based upon a sufficient legal consideration.' *Rucker v. Moore*, 186 Ga. 747, 748 (2) (199 SE 106)." *Lee v. Green*, 217 Ga. 860 (126 SE2d 417).

In the instant case the petition relates that the defendant administrator's decedent, Ike Winder, and his wife, Lucile, visited a hospital where the plaintiff was born, and agreed with unidentified doctors and nurses at the hospital that they would adopt the infant as their son upon the condition that the doctors and nurses "would look after all the legal procedures in connection with the adoption, and see that they were carried out in accordance with the laws of the Commonwealth of Virginia."

The petition is silent as to whether the doctors and nurses had the legal right to assent to the adoption, but does allege no adoption proceedings were even instituted. In these circumstances it must be held that the petition failed to show the Winders, or either of them, assumed a binding contractual obligation to adopt the plaintiff, enforceable by suit for specific performance or any other form of action.

■ There was a direct allegation that the abortive agreement to adopt the plaintiff was the joint undertaking of Ike and Lucile Winder. Mrs. Winder was, under the provisions of *Code* § 3-301 and the uniform rulings of this court, a necessary and

essential party to the suit to enforce the contract (*Graham v. Marks & Co.*, 95 Ga. 38, 39, 21 SE 986; *Wall v. Wall*, 176 Ga. 757, 759, 168 SE 893), in the absence of an averment that would have shown her to be dead, beyond the jurisdiction of the court or "not to be found."

The omission to name her as a party to the case was a fatal deficiency and for this reason, in addition to those referred to in the preceding division of the opinion, the petition failed to set forth a cause of action. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *Coleman v. McAdams*, 214 Ga. 616 (106 SE2d 840). "Essential allegations will be neither implied nor presumed, but must be distinctly averred; otherwise, the petition is defective. *Evans v. Dickey*, 50 Ga. App. 127 (177 SE 87); *Florida State Hospital v. Durham Iron Co.*, 194 Ga. 350, 355 (5) (21 SE2d 216)." *Ewing v. Paulk*, 208 Ga. 722 (1) (69 SE2d 268); *Strother v. Kennedy*, 218 Ga. 180, 185 (127 SE2d 19).

There is an averment that the plaintiff was the sole heir at law of Ike Winder. This was not the equivalent of alleging Lucile Winder was deceased. The averment was a mere conclusion of the pleader unsupported by factual allegations, which under our system of pleading does not serve to set forth any part of a cause of action. *Fowler v. Southern Airlines Inc.*, 192 Ga. 845 (4) (16 SE2d 897). Particularly is this true since if the fact of his virtual adoption had been sufficiently shown the plaintiff would not have become an heir at law of Ike Winder. *Parnelle v. Cavanaugh*, 191 Ga. 464, 465 (1) (12 SE2d 877), and cases cited in Division 1 of this opinion.

The trial judge properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*