### 40078.   DEMPSEY v. SMITH.

CARLISLE, Presiding Judge.   The petition alleges in substance that the defendant is the owner (landlord) of the house which is leased to the plaintiff's husband (tenant); that plaintiff lived in the house with her husband; that the house was unsafe due to termite infestation; that the landlord was repeatedly notified by the tenant that the house floor was out of repair due to termite infestation; that the landlord failed to sufficiently repair the house floor after repeatedly promising to do so; that a reasonable inspection by the landlord would have revealed the dangerous condition; that the plaintiff did not know

of the latent dangerous condition of the floor at the particular place where it collapsed causing her injury; and that damages were sustained by the plaintiff from said injury.

"As against a general demurrer, allegations of facts from which the existence of a duty may be fairly inferred and showing a breach of it are sufficient." *Broyles v. Johnson*, 100 Ga. App. 511, 513 (111 SE2d 766). "The petition embraces all of the elements necessary to the maintenance of a cause of action based on negligence. These elements, four in number, are: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damages flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Lee Street Auto Sales, Inc. v. Warren*, 102 Ga. App. 345 (1) (116 SE2d 243).

It is stated in *Wall Realty Co. v. Leslie*, 54 Ga. App. 560, 562 (188 SE 600): "Ordinarily the landlord must keep the premises in repair, and he is responsible for damages from failure to do so where he has knowledge or notice of the defective or dangerous condition therein. *Code* §§ 61-111, 61-112. This rule applies to the facts of this case, where the defendant rented the premises to the plaintiff's husband and parted with the possession, and where the defect in the premises was latent, and notice thereof had been given to the defendant, but of which defect the plaintiff had no knowledge at the time of her alleged injuries. 'When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned.' *Stack v. Harris*, 111 Ga. 149, 151 (36 SE 615). . . . 'Members of a tenant's family, his guests, servants, employees or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair.' *Cross-*

*grove v. Atlantic Coast Line R. Co.,* 30 Ga. App. 462 (2) (118 SE 694), and cit.; *Hickman v. Toole,* 31 Ga. App. 230 (120 SE 438); *Kleinberg v. Lyons,* 39 Ga. App. 774 (4) (148 SE 535). This rule is applicable to the facts of this case, where the defendant rented the premises to the plaintiff's husband and parted with the possession, and the defect in the premises was latent, notice of which had been given to the defendant by the tenant, but of which defect the plaintiff had no knowledge at the time of her injuries."

The trial court did not err in overruling the general demurrer. *Beckmann v. Rayoske,* 106 Ga. App. 203 (126 SE2d 550).

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED JUNE 24, 1963.

*Parker, Clary & Kent, Hugh J. Martin,* for plaintiff in error. *James Maddox,* contra.