40803. FRIST v. U. S. 5 & 10c STORES, INC.

DECIDED SEPTEMBER 9, 1964.

*A. W. Cain, Jr., H. Keith Harber,* for plaintiff in error.

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr.,* contra.

PANNELL, Judge. The petition of Evelyn Frist v. U. S. 5 & 10c Stores, Inc., eliminating descriptions of her injuries and damages and immaterial portions, alleged: "2. That, on the 13th day of January, 1962, about 2 p.m., the day was overcast, and the sidewalks were covered with slush and snow. Plaintiff was walking southwardly on the west sidewalk in Rossville, Georgia, in front of the aforesaid place of business, shopping and looking in store windows for various personal articles that she might need, with a view to purchasing the same if she found such articles, and, for this reason, she was walking close to the walls of the store buildings so as to observe their merchandise better. She was wearing shoes with a small pointed heel of ordinary size and height for dress wear. A mat made of rubber or similar substance about an inch thick with holes therein approximately one inch in diameter and two inches apart was protruding forward from the entrance of said place of business over and beyond the edge of the store wall and out into the sidewalk approximately 18 inches. Said mat was not readily visible because the aforesaid snow and slush covered the same, and the same was slick and wet from the slush, snow and moisture. Plaintiff's right side was nearest the store and her left side was nearest the curb. As plaintiff was walking down the street engaged in the business aforesaid exercising due care for her own safety, she did not see the aforesaid mat, and had no reason in the exercise of ordinary care to anticipate its presence there, her left heel caught in the same, throwing plaintiff violently forward and to the left, throwing her out of her shoe, inflicting the injuries hereinafter complained of. 3. That defendant owed a duty to the public and the individual members thereof to exercise ordinary care in keeping the approaches to said store free from obstacles and dangers of its own creation, and that the defendant, if it had exercised ordinary care, could have foreseen that its act in leaving the aforesaid object in the aforesaid position under the aforesaid circumstances created a danger to the public and to the individual members thereof, of which injury to the public and to the individual members thereof such as those suffered by plaintiff was a natural and probable consequence. 4. That defendant was negligent in

the following particulars, which, separately and together, constituted a lack of ordinary care toward plaintiff. 1. In using a mat with holes therein of the above stated description through which, it knew, or in the use of ordinary care could have known, ladies ordinary dress shoe heels might pass and stick, with the likelihood of causing the wearers to fall and suffer injury. 2. In permitting the aforesaid obstruction to extend beyond the limits of the store and upon the public sidewalk. 3. In failing to keep the aforesaid obstruction and the surrounding area of the sidewalk swept, clean, and free from slush and snow and readily visible so that the plaintiff and members of the public would be able to see the same and avoid the danger thereof. 4. In failing to keep the aforesaid obstruction and entrance to the store dry so that it would not be in a slippery and dangerous condition as a result of being wet."

General and special demurrers were filed to the petition. At the hearing thereon, the trial judge sustained the general demurrer, and the case is before this court on exceptions to that ruling.

It appears from the allegations of the petition that the injury to the plaintiff would not have occurred but for the door mat extending approximately 18 inches onto the sidewalk in front of the defendant's store. Unless the defendant (1) placed the mat in such position, or (2) acquired actual knowledge thereof, or (3) the mat was there a sufficient length of time for the defendant, in the exercise of ordinary care to have discovered the same, there is no liability on the part of the defendant for any injuries occasioned to the plaintiff thereby.

The only portions of the petition which, with any degree of reasonableness, can be contended to contain such allegations is paragraph 3 and specification of negligence number 2. The first part of paragraph 3, "That defendant owed a duty to the public and the individual members thereof to exercise ordinary care in keeping the approaches to said store free from obstacles and dangers of its own creation," is not a statement of fact but a statement of law, and even if construed as a statement of fact as to "dangers of its own creation," is one of ultimate fact necessary to be supported by other allegations of fact; otherwise,

it is a mere conclusion. It is to the remainder of paragraph 3 that we must look in order to determine if such allegations were made therein, and to the language "that its [defendant's] act in leaving the aforesaid object [the mat] in the aforesaid position under the aforesaid circumstances"; and, finally, to the phrase therein, "in leaving," construed in connection with its context. In approaching the construction of this language, we must bear in mind various rules of construction of pleadings on demurrer. All actions shall plainly, fully and distinctly set forth a cause of action (*Code* § 81-101), so as to enable the jury to find an intelligible and complete verdict and to enable the court to declare distinctly the law of the case. While indefiniteness of pleading may properly be grounds of special demurrer rather than general demurrer, *Wolfe v. Georgia R. &c. Co.*, 6 Ga. App. 410, 413 (65 SE 62), *Westbrook v. Griffin*, 27 Ga. App. 290 (108 SE 123), *Kemp v. Central of Ga. R. Co.*, 122 Ga. 559, 561 (4) (50 SE 465), *Steed v. Savage*, 115 Ga. 97 (2) (41 SE 272), a petition on general demurrer must be construed most strongly against the pleader, *Georgia Cas. &c. Co. v. Hardrick*, 211 Ga. 709 (88 SE2d 394), *Davis v. Johnson*, 92 Ga. App. 858 (90 SE2d 426), and ambiguous pleading is construed unfavorably to the pleader, *Baggett v. Edwards*, 126 Ga. 463 (1) (55 SE 250), *Holbrook v. Town of Norcross*, 121 Ga. 319 (1) (48 SE 922), and pleadings which are equivocal, doubtful and subject to different interpretations are construed most strongly against the pleader on demurrer. *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773 (95 SE2d 677). However, all pleadings must receive a construction in accordance with the natural intendment of the words and language used. *Athens Mfg. Co. v. Rucker*, 80 Ga. 291 (4 SE 885); *Bell v. State Life Ins. Co.*, 24 Ga. App. 497 (5) (101 SE 541); *Georgia Power Co. v. Leonard*, 187 Ga. 608, 614 (4) (1 SE2d 579).

The word "leave" has several meanings, among them the following: (1) to allow or cause to remain; (2) to let remain unremoved; (3) to let be without interference; (4) to put, place, deposit, deliver, or the like so as to allow to remain. The words, "in leaving," when construed in connection with that portion of the sentence, "under the aforesaid circumstances," cannot

be construed as having a natural intendment to mean or allege that the defendant put or placed the mat in the position alleged, for the reason that "the aforesaid circumstances" include the fact that the mat was obscured and covered with snow and slush. It would not be reasonable to suppose that the pleader intended to allege that the mat was put or placed under the snow and slush; therefore, construing the pleading most strongly against the pleader and giving the pleader the benefit of the natural intendment of the language used, the pleading does not allege that the defendant placed the mat in the position which caused the injury. Neither do these allegations demand an inference that the defendant let the mat remain with knowledge that it was extending onto the sidewalk.

In *Dempsey v. Smith,* 108 Ga. App. 88 (132 SE2d 233), this court followed *Broyles v. Johnson,* 100 Ga. App. 511, 513 (111 SE2d 766) and quoted with approval therefrom the following holding: "As against a general demurrer, allegations of facts from which the existence of a duty may be fairly inferred and showing a breach of it are sufficient." This holding is in conflict with numerous decisions of this court and the Supreme Court. "On general demurrer the allegations of the petition will be construed most strongly against the pleader, and allegations of matters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein." *Evans v. Dickey,* 50 Ga. App. 127 (1) (177 SE 87); *Gilbert Hotel No. 4 v. Jones,* 72 Ga. App. 819 (35 SE2d 304); *Miller v. Quaker Savings Assn.,* 53 Ga. App. 703, 705 (186 SE 885); *Crosby v. Calaway,* 65 Ga. App. 266, 270 (16 SE2d 155); *Ewing v. Paulk,* 208 Ga. 722 (3) (69 SE2d 268); *Winder v. Winder,* 218 Ga. 409, 413 (128 SE2d 56). "Whatever may be the rule in other jurisdictions, it is the law of this State that the maxim res ipsa loquitur has no application to pleadings, . . . ; it is only a rule of evidence. *Hudgins v. Coca-Cola Bottling Co.,* 122 Ga. 695 (4) (50 SE 974), and cases there cited; *Cochrell v. Langley Mfg. Co.,* 5 Ga. App. 317 (63 SE 244); *Sinkovitz v. Peters Land Co.,* 5 Ga. App. 788 (2), 794 (64 SE 93)." *Fulton Ice &c. Co. v. Pece,* 29 Ga. App. 507, 508

(6) (116 SE 57). And defective pleadings cannot be aided by the maxim "res ipsa loquitur." *Weems v. Albert Pick & Co.,* 33 Ga. App. 579 (1c, d) (127 SE 819). A petition, "which merely recites the proof, from which the fact intended to be put in issue may be inferred, is defective. It should positively affirm or deny the truth or falsehood of the matter in dispute." *Wright v. Hicks,* 15 Ga. 160 (3). "It is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence. . . *Wright v. Hicks,* 15 Ga. 160 (3) (60 Am. D. 687); *Charleston &c. Ry. Co. v. Augusta Stockyard Co.,* 115 Ga. 70 (41 SE 598); *Maynard v. Armour Fertilizer Works,* 138 Ga. 549 (5) (75 SE 582); *Davis v. Arthur,* 139 Ga. 75 (4) (76 SE 676); *Gardner v. Western Union Telegraph Co.,* 14 Ga. App. 403 (4) (81 SE 259); *Martin v. Greer,* 31 Ga. App. 625 (2) (121 SE 688); *Weems v. Albert Pick & Co.,* 33 Ga. App. 580 (1b) (127 SE 819); 31 Cyc. 48. 'The difference between a necessary allegation in a declaration and the evidence which may be sufficient to sustain such allegation is clear.' *Kendall v. Wells,* 126 Ga. 343, 350 (55 SE 41); *Kirkland v. Brewton,* 32 Ga. App. 128, 131 (9) (122 SE 814)." *Bivins v. Tucker,* 41 Ga. App. 771, 774 (154 SE 820).

This court in *Broyles v. Johnson,* 100 Ga. App. 511, supra, and *Dempsey v. Smith,* 108 Ga. App. 88, supra, erred in applying a rule of construction to a pleading on demurrer which rule applied only to pleadings undemurred to. The converse is true where the pleading is demurred to, that is, if *unfavorable* inferences may be *fairly* drawn, such inferences will prevail. *McEntire v. Pangle,* 197 Ga. 414 (29 SE2d 503); *Hardin v. Baynes,* 198 Ga. 683, 684 (2) (32 SE2d 384); *Slade v. Barber,* 200 Ga. 405, 412 (37 SE2d 143); *Board of Educ. of Wilcox County v. Board of Commissioners of Wilcox County,* 201 Ga. 815, 819 (41 SE2d 398). The quoted ruling in *Broyles v. Johnson,* supra, followed in *Dempsey v. Smith,* supra, must therefore be disapproved.

The indirect allegation of fact contained in the specification of negligence No. 2 that the defendant was negligent "in permitting the aforesaid obstruction [the mat] to extend . . . upon the public sidewalk," does not cure the defectiveness of

the petition by supplying the necessary allegations of knowledge on the part of the defendant. Applying the same rules of construction thereto, as were applied to the language of paragraph 3 of the petition, the words, "in permitting," in their reasonable intendment, do not mean that the defendant granted someone permission to extend the mat upon the public sidewalk, but rather in the sense that the defendant left the mat unheeded, did nothing about it, or neglected to do anything about it. See Webster's New International Dictionary, 2d. Ed. Before such inaction amounts to actionable negligence, it must have been with knowledge, either actual or constructive, that the mat was extending onto the sidewalk. None of the allegations show actual knowledge on the part of the defendant.

Neither do the pleadings show constructive notice of the location of the mat, for it is not specifically alleged that the defendant should have discovered it by the exercise of ordinary care, nor do the facts alleged authorize such a conclusion in the absence of an allegation as to the length of time the mat had been so placed. *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141, 143 (15 SE2d 531); *Brown v. S. H. Kress Co.,* 66 Ga. App. 242 (17 SE2d 758). In order to set forth a cause of action based upon constructive knowledge or notice, the petition must allege facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge would be imputed to the defendant. See *Setzers Super Stores v. Higgins,* 104 Ga. App. 116 (121 SE2d 305); *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141, supra; *Jones v. West End Theatre Co.,* 94 Ga. App. 299 (94 SE2d 135); *Ward v. Veterans of Foreign Wars,* 109 Ga. App. 563 (136 SE2d 481). While the allegation that the mat was covered with snow and slush, might, when proven before a jury, authorize the jury to find that a sufficient length of time had elapsed for the defendant to have discovered the same in the exercise of ordinary care, the allegation itself does not demand such an inference. Particularly so when there are no allegations describing the intensity or the duration of the snowfall. We conclude, therefore, that for the reasons stated

the petition failed to set forth a cause of action, and the trial court did not err in sustaining the general demurrer thereto. *Judgment affirmed.* *Felton, C. J., and Frankum, J., concur.*