41247. CHAPMAN et al. v. PHILLIPS.

PANNELL, Judge. 1. A petition shall "plainly, fully and distinctly" set forth a cause of action (*Code* § 81-101); and, "On general demurrer the allegations of the petition will be

construed most strongly against the pleader, and allegations of matters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein." *Evans v. Dickey*, 50 Ga. App. 127 (1) (177 SE 87). *Gilbert Hotel No. 4, Inc. v. Jones*, 72 Ga. App. 819 (35 SE2d 304); *Miller v. Quaker Savings Assn.*, 53 Ga. App. 703, 705 (186 SE 885); *Crosby v. Calaway*, 65 Ga. App. 266, 270 (16 SE2d 155); *Ewing v. Paulk*, 208 Ga. 722 (3) (69 SE2d 268); *Winder v. Winder*, 218 Ga. 409, 413 (128 SE2d 56).

2. "Whatever may be the rule in other jurisdictions, it is the law of this State that the maxim res ipsa loquitur has no application to pleadings, . . . ; it is only a rule of evidence. *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695 (4) (50 SE 974), and cases there cited; *Cochrell v. Langley Mfg. Co.*, 5 Ga. App. 317 (63 SE 244); *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788 (2), 794 (64 SE 93)." *Fulton Ice &c. Co. v. Pece*, 29 Ga. App. 507 (6) (116 SE 57). And defective pleadings cannot be aided by the maxim *res ipsa loquitur*. *Weems v. Albert Pick & Co.*, 33 Ga. App. 579 (1c, 1d) (127 SE 819).

3. A petition, "which merely recites the proof, from which the fact intended to be put in issue may be inferred, is defective. It should positively affirm or deny the truth or falsehood of the matter in dispute." *Wright v. Hicks*, 15 Ga. 160 (3) (60 AD 687). "It is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence. This was not true of the present petition. *Wright v. Hicks*, 15 Ga. 160 (3) (60 AD 687); *Charleston &c. R. Co. v. Augusta Stockyard Co.*, 115 Ga. 70 (41 SE 598); *Maynard v. Armour Fertilizer Works*, 138 Ga. 549 (5) (75 SE 582); *Davis v. Arthur*, 139 Ga. 75 (4) (76 SE 676); *Gardner v. Western Union Tel. Co.*, 14 Ga. App. 403 (4) (81 SE 259); *Martin v. Greer*, 31 Ga. App. 625 (2) (121 SE 688); *Weems v. Albert Pick & Co.*, 33 Ga. App. 580 (1b) (127 SE 819); 31 Cyc. 48. 'The difference between a necessary allegation in a declaration and the evidence which may be sufficient to sustain such allegation is clear.' *Kendall v. Wells*, 126 Ga. 343, 350 (55 SE 41); *Kirkland v. Brewton*, 32 Ga. App. 128, 131 (9) (122 SE 814)." *Bivins v. Tucker*, 41 Ga. App. 771, 774 (154 SE 820).

4. "In order for an act of negligence to give rise to a cause of action, it must be such that a person of ordinary caution and prudence should have foreseen or anticipated that some injury would likely result therefrom. *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 443) ; *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109) ; *Western & A. R. Co. v. Bryant,* 123 Ga. 77 (51 SE 20) ; *Gillespie v. Andrews,* 27 Ga. App. 509 (108 SE 906)." *Hulsey v. Hightower,* 44 Ga. App. 455, 459-460 (161 SE 664). It is apparent, under this rule, that one is not guilty of negligence unless he knew, or in the exercise of ordinary care should have known not only that a condition existed, but comprehended danger therefrom, for without knowledge or comprehension of danger arising from a known condition there could be no anticipation that injury would likely result therefrom. See *Scott v. Rich's, Inc.,* 47 Ga. App. 548, 551 (171 SE 201) ; *Burns v. Great A. & P. Tea Co.,* 105 Ga. App. 823 (125 SE2d 687). It follows that comprehension of danger is an essential element to sustain a cause of action based upon negligence.

5. Upon application of the above principles to the facts of the present case, where a petition, seeking damages against the owner of property for injuries received when the plaintiff invitee slipped and fell because of water on a waxed floor, alleges constructive knowledge on the part of the owner that water was standing on the waxed floor and alleges further that this created an extremely slippery floor and was an imminently dangerous condition; but, does not specifically allege that the owner had knowledge, actual or constructive, that this created an extremely slippery floor and was an imminently dangerous condition, nor contain any other allegation to show such knowledge on the part of the owner, such allegations are insufficient to demand a conclusion that the owner had knowledge of the dangerous or slippery condition of the floor, and the petition was therefore subject to the general demurrer interposed thereto and the trial court erred in overruling the same. Whether the petition, for other reasons, may fail to set forth a cause of action we do not decide.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 6, 1965—DECIDED OCTOBER 7, 1965.

*Martin, Snow, Grant & Napier, Hendley V. Napier,* for plaintiffs in error.

*Frank G. Wilson, W. H. Vandiver,* contra.