### 64305. DYER v. WIGHT.

DEEN, Presiding Judge.

Brian Wight brought an action against Ralph Dyer for failure to make certain rental payments under a lease, damages for conversion of personal property which was on the rented premises, punitive damages and attorney fees. The defendant answered and counterclaimed contending the premises were not fit for the purpose stated in the lease. The plaintiff moved for summary judgment as to

the rental payments due under the lease and on the counterclaim. The trial court granted the motion, awarded the plaintiff $19,000 and found that the defendant failed to state a defense based upon constructive eviction because the landlord was not notified of any repairs deemed necessary by the tenant and that the evidence further indicated there was no showing that the premises could not be restored to a fit condition by ordinary repairs and without unreasonable interruption of the tenant's business. No record of this hearing was made. After trial on the remaining issues, Dyer appeals contending that the trial court erred in granting summary judgment as to Count 1 of the complaint and the counterclaim because the premises were not fit for the purposes stated in the lease agreement. *Held:*

Appeal from the grant of partial summary judgment is brought after a final judgment pursuant to the holding in *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641) (1978).

The lease provided that "The lessor shall make all major repairs to the premises not occasioned by negligence or fault of the lessee" and that the "Lessee has examined and knows what the condition of the leased premises is and has received the premises in good condition. Lessee shall hold Lessor liable for any latent defects on the premises." There is no allegation that appellant was in any way hindered from inspecting the premises before he took possession. Therefore, we can only conclude that the appellant accepted the premises as suitable for the purposes stated in the lease. Appellant admits that he did not notify appellee of any of the problems that he subsequently experienced. A landlord has no duty to inspect the premises while a tenant is in possession. *Tribble v. Somers,* 115 Ga. App. 847 (156 SE2d 130) (1967). Reservation of a right to enter contained in the lease in order to make repairs does not impose an obligation on the landlord to inspect the premises. *Ladson Investments v. Bagent,* 151 Ga. App. 24 (258 SE2d 718) (1979). When the premises fall into disrepair, it is the duty of the tenant to notify the landlord of this fact. *Beckmann v. Rakoske,* 106 Ga. App. 203 (126 SE2d 550) (1962). As the appellant admits that he did not notify Wight of any needed repairs and that he also admitted failing to make the required rental payments the trial court did not err in granting summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 13, 1982.

*Claude S. Beck,* for appellant.

*Lawrence S. Sorgen,* for appellee.